UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL KEITH REYES,

    Plaintiff,

vs.                                                                          CIV 09-0070 KBM/WDS

MAGGIE TOULOUSE-OLIVER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Paul Keith Reyes' Motion to Proceed In Forma Pauperis *(Doc. 3)*. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the *pro se* Plaintiff has consented to me serving as the presiding judge and entering final judgment. Defendant Oliver has not yet been served. I have conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and find that this action is subject to summary dismissal for failure to state a claim upon which relief may be granted.[1]

While the Court must liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys, *see Estelle v. Gamble*, 429 U.S. 97 (1976),

---

[1] Even if the full filing fee had been paid, Reyes' claims still are subject to an initial *sua sponte* review by the Court in accordance with the Court's inherent authority to ensure that the court has jurisdiction and that the case is not frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2nd Cir. 2000) ("district courts are especially likely to be exposed to frivolous actions, and thus, have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources"); *see also* Williams v. Madden, 9 F. App'x 996, 997 2001 WL 661086 (10th Cir. June 13, 2001).

the Court should not overlook clear failures in the pleadings to set forth cognizable claims. *See Muckerheide v. N.M. Taxation and Revenue Dept. et al*, CIV 08-1159 WJ/LFG at *Doc.6* (01/21/09). I have accepted as true all well-pleaded factual allegations in the Complaint and have viewed them in the light most favorable to Plaintiff, *see e.g., Sutton v. Utah State School for Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999), but find them insufficient to state any viable claim for relief.

> Plaintiff alleges that
>
>> on a sunny day while walking out of the 98th and Sage Wal-Mart the plaintiff was asked to register for the voting process. The Plaintiff said he couldn't vote due to felony convictions. The lady explained that the law had changed and that felons were allowed to vote. So the plaintiff requested a mail in vote. . . .  Bernalillo Clerk Maggie Toulouse Oliver mailed the plaintiff a letter stating that my New Mexico voter registration application was unable to be processed due to a felony conviction.

*Doc. 1* at 2. The Complaint then describes past interactions with the County and City of Albuquerque and Plaintiff states that he "thinks that the Bernalillo County Clerk's Office might be 'a little mad at me.'" He then concludes in cursory fashion that "plaintiff thinks [defendant] is retaliating against him by not allowing the plaintiff a chance to vote." *Id.* at 3-4. Reyes seeks $ 250,000 in damages, all of which he asserts will "be donated to a local Bernalillo County church." *Id.* at 6.

In sum, Plaintiff contends that the County Clerk wrongfully denied him his right to vote on the basis that he is a convicted felon, which he admits is true. The "lady" who told Reyes that the law had changed to permit him to vote evidently was incorrect. Current New Mexico law provides as follows:

> A. A person who has been convicted of a felony shall not be permitted to vote in any statewide, county, municipal or district election held pursuant to the provisions of the Election Code, unless the person:
>
> (1) has completed the terms of a suspended or deferred sentence imposed by a court;
>
> (2) was unconditionally discharged from a correctional facility under the jurisdiction of the corrections department or was conditionally discharged from a correctional facility under the jurisdiction of the corrections department and has completed all conditions of probation or parole;
>
> (3) was unconditionally discharged from a correctional facility under the jurisdiction of a federal corrections agency or was conditionally discharged from a correctional facility under the jurisdiction of a federal corrections agency and has completed all conditions of probation or parole; or
>
> (4) has presented the governor with a certificate verifying the completion of the sentence and was granted a pardon or a certificate by the governor restoring the person's full rights of citizenship.

N.M.S.A. § 31-13-1(A).  Reyes makes no allegation that any of these exceptions apply and thus has not alleged a protected right.  Thus, even after liberally construing the Complaint, the Court determines that it cannot withstand scrutiny under Rule 12(b) as currently pleaded.  If, however, Plaintiff has a good faith factual basis for believing that he qualifies to vote under one of the above exceptions, I will permit him to file an amended complaint.

   Wherefore,

IT IS ORDERED that if Plaintiff can make additional allegations in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure[2] which could make him eligible to vote in New Mexico, he shall file an amended complaint no later than February 9, 2009.  If none is filed, this action will be dismissed.

*Karen B Molzen*
UNITED STATES MAGISTRATE JUDGE

---

[2] Fed. R. Civ. P. 11 provides as follows:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.